# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| CEDAR HILL HARDWARE AND CONSTRUCTION SUPPLY, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. 4:04CV743-DJS |
| INSURANCE CORPORATION OF HANNOVER, | ) ) ) | |
| Defendant. | ) | |

### ORDER

This insurance coverage matter is before the Court on a number of pretrial discovery motions.

Defendant's motion for "clarification" actually seeks reconsideration of the Court's order of July 13, 2005 [Doc. #96], requiring defendant to produce the documents identified in its privilege log. That order granted plaintiff's motion to compel [Doc. #70] seeking those portions of defendant's claims file which defendant refused to produce on grounds of privilege. In its opposition to the motion to compel, defendant argued with plaintiff's compliance with the Court's meet-and-confer requirement, and quarreled with plaintiff's assertion that defendant's claims of privilege had effectively been overruled by previous action of the Court.[1] Focusing instead on these

---

[1] The Court was not persuaded that any failure to confer warranted denial of the motion to compel, but did not believe that the earlier ruling cited by plaintiff constituted a substantive

subsidiary issues, defendant did not argue the merits of its claims of privilege.  Defendant therefore did not meet its burden, as the claimant of privilege, of making a prima facie showing of the applicability of the privilege claimed.  In re Grand Jury Subpoena Duces Tecum, 112 F.3d 910, 925 (8th Cir. 1997); In re Grand Jury Proceedings, 156 F.3d 1038, 1042 (10th Cir. 1998); Redland Soccer Club, Inc. v. Department of the Army, 55 F.3d 827, 854 (3rd Cir. 1995); BarclaysAmerican Corporation v. Kane, 746 F.2d 653, 656 (10th Cir. 1984); United States v. Osborn, 561 F.2d 1334, 1339 (9th Cir. 1977).  Where as here the issue is present whether counsel has functioned in the role of claims administrator or adjuster or investigator, the need for such a showing cannot be overlooked.  It was on this basis that plaintiff's motion was granted.

Now in its motion "for clarification," defendant offers the substantive arguments in support of its claim of privilege that it should have and could have made in its initial opposition to plaintiff's motion to compel.  A motion for reconsideration of a discovery ruling is not provided for in the federal or local rules.  Furthermore, in the Court's view, a motion for reconsideration is not properly used to offer arguments that were fully available at the time of the party's earlier filing on the matter in question, but were omitted or neglected at that time.  For all these reasons, the motion "for clarification" will be denied.  The related motion

---

rejection of defendant's claims of privilege.

of defendant for an extension of time for producing the documents [Doc. #104] is granted, and defendant will be ordered to produce them within ten days of the date of this order.

Plaintiff's motion seeking a protective order and the appointment of a special master concerns the allegedly abusive conduct of defendant's counsel during an expert deposition which plaintiff suspended in order to seek relief by way of the motion. The Court has reviewed the deposition transcript provided by plaintiff, and finds that defendant's counsel's discourteous conduct was unprofessional toward both the witness and his opposing counsel. The Court is not persuaded that the conduct warrants the appointment of a special master to oversee completion of the deposition, and the complex logistics such an appointment involves.

Instead, the Court has fashioned different relief it believes is warranted to address the inappropriate conduct of counsel and to provide the witness protection from further such conduct. The Court will require defendant's counsel personally to reimburse plaintiff for the fees and expenses of the court reporter and the witness[2] associated with the abortive attempt at Mr. Zimmer's deposition on July 26, 2005, and will further order that the completion of Mr. Zimmer's deposition not be taken by the attorney who represented defendant at the July 26 deposition. Instead, one of his co-counsel shall take the remainder of Mr.

---

[2] This does not include attorney's fees incurred by plaintiff in connection with the deposition.

Zimmer's deposition.  Such relief is authorized by Fed.R.Civ.P. 26(c), particularly subsections (2) and (5), Rule 37(a)(4), and the Court's inherent authority.

Plaintiff's unopposed related motion for additional time to produce its remaining expert witnesses for deposition will be granted.  The record does not reflect whether the depositions of witnesses Churchward and Reeves occurred as scheduled in August, or whether the deposition of witness Ruddy has been taken.  With respect to those three witnesses, if their depositions have not already been taken, and with respect to Mr. Zimmer, the time for completing their depositions is extended for an additional thirty days from the date of this order, and counsel are directed to employ their best efforts to schedule the depositions at mutually agreeable times and places.

Last among the motions now ripe for ruling is defendant's motion to quash the deposition of defendant's corporate designee. If the deposition had not first been timely scheduled prior to the July 29 discovery cut-off, the Court would be inclined to grant the motion.  Because it was so scheduled but did not then occur, and because defendant's counsel once agreed to produce a corporate representative for deposition on the August 26 date for which plaintiff noticed the deposition, the Court will deny the motion and order that plaintiff may take the 30(b)(6) deposition at a mutually agreeable time and place within thirty days from the date of the order.

For all the foregoing reasons,

**IT IS HEREBY ORDERED** that defendant's motion for clarification [Doc. #99] is denied.

**IT IS FURTHER ORDERED** that defendant's motion for extension of time relating to the production of documents set forth in defendant's privilege log [Doc. #104] is granted, and defendant shall produce the documents as previously ordered within ten (10) days of the date of this order.

**IT IS FURTHER ORDERED** that plaintiff's motion for protective order and to appoint special master [Doc. #103] is granted as to the following protective order and denied with respect to appointment of a special master.

**IT IS FURTHER ORDERED** that Robert Cockerham shall personally reimburse plaintiff for the fees and expenses of the court reporter and the witness associated with the abortive attempt at Mr. Zimmer's deposition on July 26, 2005. Plaintiff shall provide defendant's counsel with an itemization of the requested fees and expenses within seven (7) days of the date of this order, and counsel shall remit payment to plaintiff's counsel within seven (7) days thereafter.

**IT IS FURTHER ORDERED** that the completion of Mr. Zimmer's deposition shall not be taken by the attorney who represented defendant at the July 26 deposition. Instead, one of his co-counsel shall take the remainder of Mr. Zimmer's deposition.

**IT IS FURTHER ORDERED** that plaintiff's motion for additional time to produce its expert witnesses for deposition [Doc. #107] is granted. The depositions of witnesses Churchward, Reeves, Ruddy and Zimmer may be completed at mutually acceptable times and places within thirty (30) days of the date of this order.

**IT IS FURTHER ORDERED** that defendant's motion to quash plaintiff's deposition of defendant's corporate designee [Doc. #128] is denied. Plaintiff may take a Rule 30(b)(6) deposition at a mutually acceptable time and place within thirty (30) days of the date of this order.

Dated this ___8th___ day of September, 2005.

/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE