```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF MISSOURI
                        EASTERN DIVISION
```

| | | |
|---|---|---|
| CEDAR HILL HARDWARE AND CONSTRUCTION SUPPLY, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 4:04CV743-DJS |
| INSURANCE CORPORATION OF HANNOVER, | ) ) ) ) | |
| Defendant. | ) | |

## ORDER

The insured plaintiff has brought this suit against defendant, the insurer, for breach of contract and vexatious refusal to pay after plaintiff's insured hardware store burned down. Brown & James, P.C. and more specifically Robert Cockerham represents defendant. Now before the Court is plaintiff's motion to disqualify Brown & James P.C. from representing defendant Insurance Corporation of Hannover pursuant to Rule 4-3.7 [Doc. #125].

Rule 3.7 of the Rules of Professional Conduct provides that:

> (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where:
>     (1) the testimony relates to an uncontested issue;
>     (2) the testimony relates to the nature and value of legal services rendered in the case; or
>     (3) disqualification of the lawyer would work substantial hardship on the client.
> (b) A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9.

S. Ct. R. 4.  To be a necessary witness, the proposed witness must be the only person available to testify.  See State ex rel. Wallace v. Munton, 989 S.W.2d 641, 646 (Mo. App. 1999) (holding that the record does not support the trial court's disqualification of an attorney, as the appellate court was unable to discern whether the attorney was the only one available to testify); State v. Werneke, 958 S.W.2d 314, 321 (Mo. App. 1997) (finding that the trial court did not err in not disqualifying the prosecutor when two others witnessed the same event); State v. Mason, 862 S.W.2d 519, 521 (Mo. App. 1993) (affirming the trial court's decision not to disqualify a defense attorney as there was no showing that he was the only person present at the hearing who could testify).  Furthermore, the motion to disqualify should be made in a timely manner.  Munton, 989 S.W.2d at 647, 648.

Plaintiff asserts that defense counsel's firm, Brown & James, P.C., is a necessary witness because two members of defense counsel's firm, Robert Cockerham and Robert Brady, allegedly acted as claims handlers/investigators, and all the lawyers at Brown & James, P.C. are fact witnesses to defendant's allegedly vexatious conduct concerning plaintiff's request for an advance payment, document requests during the claims investigation, and defendant's failure to complete its investigation.  Robert Brady is no longer counsel of record for the defendant, and is thus potentially available as a witness, as are any other members of Brown & James, P.C. who do not represent defendant in this litigation.  Stated simply, plaintiff has not shown that counsel for defendant, Robert

Cockerham, is the only person available to testify to certain matters, let alone is any other attorney at Brown & James, P.C. Thus, Mr. Cockerham is not shown to be a necessary witness to the case.

Furthermore, every member of Brown & James, P.C. is not a necessary witness to this case. As reflected in Rule 3.7(b), even if Robert Cockerham or Robert Brady are necessary witnesses, the disqualification is not imputed to the remaining attorneys at Brown & James, P.C. Plaintiff cites a comment to Rule 1.7 of the Rules of Professional Conduct, which remarks that: "[I]f the probity of a lawyer's own conduct in a transaction is in serious question, it may be difficult or impossible for the lawyer to give a client detached advice." The comment goes on to state that pursuant to Rule 1.10, "personal interest conflicts under Rule 1.7 ordinarily are not imputed to other lawyers in a law firm." The Court does not find that the probity of the conduct of the attorneys at Brown & James, P.C. is in serious question.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to disqualify Brown & James P.C. from representing defendant Insurance Corporation of Hannover pursuant to Rule 4-3.7 [Doc. #125] is denied.

**IT IS FURTHER ORDERED** that plaintiff Cedar Hill Hardware and Construction Supply, Inc.'s motion to strike or in the alternative for continuance [Doc. #143] is denied.

**IT IS FURTHER ORDERED** that defendant Insurance Corporation of Hannover's motion to strike exhibit 2, Affidavit of Walter Zimmer, exhibit 3, Declaration of Denise Burgan, and exhibit 4, Affidavit of Wally Warmoth [Doc. #154] is denied.

Dated this ___1st___ day of November, 2005.

                                              /s/Donald J. Stohr
                                              UNITED STATES DISTRICT JUDGE