**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| **CEDAR HILL HARDWARE AND CONSTRUCTION SUPPLY, INC.,** | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. 4:04CV743-DJS |
| **INSURANCE CORPORATION OF HANNOVER,** | ) ) ) | |
| Defendant. | ) | |

### ORDER

Plaintiff Cedar Hill Hardware and Construction Supply, Inc. brings the instant action against defendant Insurance Corporation of Hannover, concerning defendant's failure to pay plaintiff's claim for losses due to fire at its store at 6249 Lorens Lane in Cedar Hill, Missouri on or about February 22, 2003. Plaintiff's amended complaint [Doc. #34] contains claims for breach of contract (Count I) and vexatious refusal to pay (Count II). Defendant Hannover has filed an amended counterclaim [Doc. #47], in which it seeks a declaratory judgment that its policy affords no coverage to plaintiff for the claimed losses, due to plaintiff's responsibility for the intentional setting of the fire, and/or plaintiff's concealment or misrepresentation of numerous material facts, and/or plaintiff's other breach of the policy conditions. Now before the Court are various motions for summary judgment filed by both parties.

Hannover's motion for summary judgment asserts that the policy on which plaintiff's claim is based is void *ab initio*, due to plaintiff's failure to inform defendant of Rockwood Bank's mortgage and security interest in the subject property on its applications for insurance. The following facts appear to be without genuine dispute, but the Court here makes no factual findings but merely offers this information as background to the parties' dispute generally and to defendant's motion for summary judgment. ARA performed the underwriting in connection with defendant's issuance of the insurance policy to plaintiff, and constitutes defendant's agent. There appears to have been no application by the insured specifically for the policy issued by defendant in 2002. Several years before, on behalf of plaintiff, its owners Brad and Denise Burgan submitted to ARA an "Accord Commercial Insurance Application" [Def. Exh. P -- Doc. #112.17] dated July 29, 1999 and an "ARA Insurance Program Application" [Def. Exh. S -- Doc. #112.20] dated September 29, 1999 when seeking insurance for the business at that time. In both these applications, the blanks in which mortgagees or additional insureds were to be listed were left blank. Def. Exh. S [Doc. #112.20], p.2; Def. Exh.P [Doc. #112.17], p.4.

Plaintiff was thereafter issued a policy of insurance through Safeco Insurance Company, which discontinued its coverage in 2002, at which time, with ARA acting as its underwriter,

defendant issued a policy to plaintiff. In November 2002, plaintiff's insurance agent notified ARA that Russell and Elaine Rose needed to be added to plaintiff's policy as a mortgagee, and that was done, apparently without any question about the omission of that mortgagee from the 1999 applications or whether the omission voided the policy issued by defendant. Although Mrs. Burgan states in her declaration that plaintiff's insurance agent was aware that Rockwood was a mortgagee and needed to be covered under plaintiff's insurance policy, ARA and defendant assert that neither of them was ever notified that Rockwood Bank was an additional mortgagee on the insured property until after the fire loss occurred.

The Court rejects as unpersuasive plaintiff's argument that discovery abuses by defendant preclude summary judgment, plaintiff's arguments that defendant has waived its right to assert fraud in the procurement of the policy and that the issuance of the policy itself constitutes waiver, and plaintiff's argument that defendant is estopped from asserting fraud in the procurement. Plaintiff argues that the knowledge of Wilkerson Insurors is imputed to defendant, but the facts and law governing this issue have not been adequately developed in the summary judgment record to permit any determinations on the issue.

Defendant relies on the policy provision that the insurance is void in case of fraud or intentional concealment or misrepresentation by the insured. Fraud, intentional concealment

3

or intentional misrepresentation by plaintiff is not demonstrated by undisputed facts and as a matter of law on the summary judgment record. The application language defendant cites as a warranty of truthfulness is a *warning to* applicants of potential penalties for fraud, not a *warranty by* applicants that their applications contain no falsehood or fraud. Whether the omission of the existence of the second mortgagee was material to defendant's issuance of the policy is in genuine dispute and cannot be determined as a matter of law on the summary judgment record. For all these reasons, defendant's motion for summary judgment must be denied.

Plaintiff's motion for partial summary judgment on defendant's affirmative defenses and amended counterclaim must be denied as well. The summary judgment record does not permit or support determinations as a matter of law with respect to any of the more than twenty defenses and claims of the defendant which plaintiff identifies in this motion. Neither can the Court grant plaintiff's motion for partial summary judgment on the issue of breach of contract, given the existence of numerous genuine disputes of material fact and necessarily threshhold issues concerning the voidness of the contract which are not capable of determination as a matter of law.

Accordingly, upon careful consideration,

**IT IS HEREBY ORDERED** that defendant's motion for summary judgment [Doc. #112] is denied.

**IT IS FURTHER ORDERED** that plaintiff's motion for partial summary judgment on defendant's affirmative defenses and amended counterclaim [Doc. #115] is denied.

**IT IS FURTHER ORDERED** that plaintiff's motion for partial summary judgment on the issue of breach of contract [Doc. #117] is denied.

**IT IS FURTHER ORDERED** that plaintiff's motion to strike [Doc. #189] is denied.

Dated this ___3rd___ day of January, 2006.

/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE