UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CEDAR HILL HARDWARE AND CONSTRUCTION SUPPLY, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. 4:04CV743-DJS |
| INSURANCE CORPORATION OF HANNOVER, | ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on numerous motions, including a motion to bifurcate the trial, a motion for sanctions, and many motions in limine and motions seeking to exclude expert witnesses under Daubert.[1]  These motions having now been fully briefed, the Court here gives its rulings on these matters, with such explanation as is warranted and appropriate.

**Motion to Bifurcate**

Plaintiff has filed a motion to bifurcate the trial into three segments [Doc. #257].  The Court is authorized by Fed.R.Civ.P. 42(b), in furtherance of convenience, to order a separate trial of separate issues. Upon careful consideration, the Court is persuaded that efficiency, convenience, and the avoidance

---

[1] Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 588 (1993).

of confusion at trial will be served by bifurcating this trial into two separate determinations, by the same jury, as follows. First, the Court will try the issue whether the loss was intentionally caused by plaintiff's owners. Upon the jury's determination of that issue, the Court will try the appropriate second phase of the action. If the jury finds arson, phase two will consist of the trial of defendant's counterclaim for damages. If the jury does not find arson, phase two will consist of the trial of the remaining issues of the case, namely plaintiff's breach of contract and vexatious refusal claims and defendant's remaining defenses and counterclaim.

Plaintiff's motion seeks a third phase of the trial, if necessary, consisting of the determination of an award of attorney's fees as damages for vexatious refusal. Missouri's governing statute, §375.420 R.S.Mo., provides that on a finding of vexatious refusal to pay an insurance claim "the court or jury may" award the insured "a reasonable attorney's fee." By local rule in this district, see E.D.Mo. L.R. 8.02, attorney's fee awards are determined by the Court on post-judgment motions, and the Court is persuaded in the context of this case to address the issue, if necessary, in accordance with the method provided in the local rules.[2] Judicial economy is served by exercising the discretion

---

[2] The Court notes that, on this question, defendant cites in error <u>General Casualty Insurance Companies v. Roy Holst</u>, 88 F.3d 670 (8th Cir. 1996), which contains no reference whatsoever to the issue, as the insurer prevailed in the case and no determination of

inherent in the Missouri vexatious refusal statute in favor of a court determination of attorney's fees, which need occur only in the event of a plaintiff's verdict on the vexatious refusal claim. The issue of attorney's fees therefore shall not be addressed in evidence or argument before the jury. Because plaintiff's application for compensation as counsel is prematurely filed, it will be denied without prejudice.

**Proof of Arson – Physical and Circumstantial**

Plaintiff's repeated assertion that defendant must prove that the loss was incendiary based on physical evidence, before defendant can offer circumstantial evidence as to who may have started the fire or had a motive to start the fire, is incorrect. Plaintiff's reliance on the testing standards of the National Fire Protection Association ("NFPA") for this proposition is misplaced. Plaintiff conflates general evidentiary standards applicable to a defense of arson in an insurance case under Missouri law, with standards for evaluating the admissibility of certain types of expert testimony.

As to the former, a long history of case law is abundantly clear that under Missouri law, an insurer's defense of arson may be shown by circumstantial evidence, the quantum of proof required is the preponderance of the evidence, and the range of

---

attorney's fees for vexatious refusal was made.

such circumstantial evidence to be admitted on the issue is "broad." McCree v. State Farm Fire & Casualty Company, 68 F.3d 478 [table] (8th Cir. 1995); Thomure v. Truck Ins. Exchange, 781 F.2d 141, 142 (8th Cir. 1986); McIntosh v. Eagle Fire Company, 325 F.2d 99, 100 (8th Cir. 1963); McCreery v. Continental Insurance Company, 788 S.W.2d 307, 311 (Mo.App. 1990).

> In an insurance case, the defense of arson may be established by circumstantial evidence and need only be shown by a preponderance thereof. Ferguson v. American Family Mut. Insurance Co., 566 F.Supp. 1090, 1093 (E.D.Mo.1983). The insurer's burden of proof and the quantum of evidence required were addressed by our colleagues at St. Louis many years ago in Miller v. Firemen's Ins. Co., 206 Mo.App. 475, 493, 229 S.W. 261, 266 (1921). In Miller, the court approved an instruction which advised the jury, in pertinent part:
>> " ... The question in this case is merely a question of greater or less probability, and the jury, in order to find a verdict for the defendant, need not be satisfied of the complicity of the plaintiff in the burning in any other way, or with any different degree of satisfaction, than in the case of any other question in a civil case. And if in this case the jury are of the opinion from the evidence that it is more probable that the burning of the property ... was brought about by the procurement of the plaintiff than that he was innocent of it, according to the weight and preponderance of the evidence, you must find the issue for the defendant." (Emphasis added.)
>
> Miller v. Firemen's Ins. Co., 206 Mo.App. at 492, 229 S.W. at 266. Otherwise stated, the trier of fact is entitled to draw legitimate inferences from the facts shown in evidence. Cf. Rallo v. Northwestern National Insurance Company, 238 F.Supp. 228, 230 (E.D.Mo.1965).

Bennco Sales & Salvage, Inc. v. Gulf Insurance Company, 759 S.W.2d 336, 338 (Mo.App. 1988).

NFPA's industry standards for fire investigation do not govern the scope of admissible evidence of arson under Missouri law generally, beyond a court's determination whether an expert's opinion is sufficiently reliable to warrant admission. The case on which plaintiff principally relies in urging NFPA's role in limiting evidence of arson, Fireman's Fund v. Canon U.S.A., Inc., 394 F.3d 1054 (8th Cir. 2005), does not hold otherwise. In fact, it is not an arson case, but a products liability action concerning the cause of a fire. The potential relevance of the NFPA standards to this Court's rulings in limine is limited to the Court's evaluation of the reliability of the opinions offered by the parties' various expert witnesses on the cause and origin of the fire.

Applying the applicable evidentiary standards to plaintiff's "Motion in Limine to Exclude Rumor, Gossip and Innuendo" [Doc. #305], the Court is persuaded that the first seven challenged subjects of evidence[3] are admissible under Missouri law as circumstantial evidence in support of defendant's claim that the Burgans set the fire that destroyed their business premises. The Court will exclude, however, any evidence or reference to the

---

[3] These are that Brad Burgan stored a large amount of paint thinner on the premises, that he told the employees to leave the office door propped open at night, to chain the gates at night, and to park heavy equipment in front of the gate at night, that he installed a new thermostat for a furnace, that he had flammable items stored near a furnace, and that he "tampered" with the alarm system.

Burgans' house fire in May 2002, as to which the Court is not persuaded there exists admissible evidence suggesting that the house fire was arson. Even if such evidence exists, the Court would exclude it under Fed.R.Evid. 403 on grounds of the danger of unfair prejudice, confusion of the issues, undue delay and waste of time.

The Court will also grant plaintiff's "Motion in Limine to Exclude Prior Insurance Claims Not Related to this Incident" [Doc. #292], including the insurance claim relating to the May 2002 house fire, on similar grounds. The Court is not persuaded that evidence concerning the Burgans' prior claims is relevant to any material issue in this case, including vexatious refusal to pay, and is not persuaded that any limited probative value of such evidence is not substantially outweighed by the danger of unfair prejudice, confusion of the issues, undue delay and waste of time.

**Daubert Motions to Exclude Expert Witnesses**

Plaintiff's challenges to expert testimony concerning August 2005 testing of the propane tank require a hearing, at which the Court must hear evidence addressing whether the tank, at the time of the August 2005 testing, was in a condition substantially similar to its condition at the time of the fire, or had been so altered as not to be substantially similar, thereby rendering evidence and opinions about the August 2005 testing irrelevant and

inadmissible.  Ludwig v. Johnson Controls, Inc., 36 F.3d 1396, 1401 (8th Cir. 1994).  **The parties are directed to be prepared at the March 6, 2006 pretrial conference, set herein, to offer all evidence they wish the Court to consider in making this ruling in limine.**

Plaintiff's challenge to defense expert witness Lewis Crist complains that Crist's opinions concerning the fire as an arson for profit are inappropriate and prejudicial coming from this expert in insurance matters rather than in fire cause and origin. The bifurcation of the trial appears to remedy any such problem with Crist's testimony, as he would not testify until a phase two of the trial occurring after a jury determination of no arson, at which point these of plaintiff's concerns with his testimony would be moot.  To the extent that plaintiff makes other arguments challenging Crist's testimony, the Court finds them to be unpersuasive.  Plaintiff's challenges to Crist will be denied.

Upon careful consideration of the parties' various other Daubert motions seeking the exclusion of one another's expert witnesses, including witnesses offering opinions on the cause or origin of the fire, the Court is not persuaded to grant any of the motions for exclusion.  The Court applies the standard of Kumho Tire Co. v. Carmichael, 526 U.S. 137, 152 (1999), as set forth in Fireman's Fund, 394 F.3d 1054, 1057: "The opinion of a qualified expert witness is admissible if (1) it is based upon sufficient

facts or data, (2) it is the product of reliable principles and methods, and (3) the expert has applied the principles and methods reliably to the facts of the case." In the Court's view, on the record herein made with respect to each expert witness, none of the <u>Daubert</u> motions succeeds in demonstrating that a given expert witness's testimony is not admissible under this standard.

**Spoliation of Evidence**

Plaintiff seeks sanctions and exclusion of certain defense evidence on the ground that defendant destroyed, altered or refused to produce certain evidence from the fire scene[4] and concealed certain witness statements and notes. The substantial remedies plaintiff seeks are appropriate only where the movant has made a prima facie showing that the opponent destroyed or concealed evidence under circumstances manifesting fraud, deceit or bad faith. <u>Moore v. General Motors Corporation</u>, 558 S.W.2d 720, 736 (Mo.App. 1977). In addition, there should also be such proof as is available under the circumstances that the evidence would have aided plaintiff in proving the elements of its case. <u>Id</u>. Upon careful consideration, applying these standards, the Court is not persuaded to grant plaintiff any relief on grounds of spoliation.

---

[4] Plaintiff contends in the alternative that the fire marshal's destruction or alteration of evidence is attributable to defendant.

**Plaintiff's Motion to Exclude the Fire Marshal, ATF and Sheriff's Department Reports**

A motion which the Court will further discuss with the parties at the pretrial conference is plaintiff's motion in limine to exclude the State Fire Marshal Report, the ATF report and the Jefferson County Sheriff's Department Report [Doc. #324]. **The Court anticipates focusing such discussion on the following issues, which the parties shall be prepared to address at the pretrial conference:**

- **the appropriateness of excluding the ATF report from any vexatious refusal stage of the case (after it may have been admitted into evidence during the arson phase), versus using an appropriate limiting instruction concerning the purposes for which the ATF report can be considered; and**
- **plaintiff's hearsay objections to the Jefferson County Sheriff's Department report.**

**Defendant's "Motion in Limine"; Evidence of Criminal Charges**

One of four subjects addressed in defendant's "Motion in Limine" [Doc. #294] is the admissibility of evidence that no criminal charges have yet been brought against the Burgans in connection with the Cedar Hill Hardware fire. The Eighth Circuit has held that "[a]s a general rule, evidence that criminal charges were not brought is inadmissible in a civil case arising out of the

9

same events as the criminal charges." Goffstein v. State Farm Fire
& Cas. Co., 764 F.2d 522, 524 (8th Cir. 1985). Although no charges
have been brought against the Burgans, it also appears that no
final determination has been made that criminal charges will never
be sought. In these circumstances, and in view of the general rule
stated by the Eighth Circuit in Goffstein, the Court deems all
evidence on the issue of criminal charges, including evidence of
any grand jury investigations, to be irrelevant under Fed.R.Evid.
401 and in any event subject to exclusion under Fed.R.Evid. 403.
The Court will therefore grant defendant's "Motion in Limine" [Doc.
#294] as to this one of four issues presented. The parties and
their witnesses shall offer no testimony, argument or comment
concerning criminal charges or grand jury investigation of the
Burgans relating to the Cedar Hill fire. The motion will be denied
as to the other three issues.

**Other Motions in Limine**

As is unfortunately customary in this case, the parties
have distinguished themselves by the filing of numerous meritless
and/or unpersuasive motions in limine. The Court has given its
careful consideration to these motions, which are fully briefed,
and here denies many such motions, without offering discussion or
explanation which the Court believes is not warranted or necessary.

**Plaintiff's Motion for Sanctions**

Plaintiff seeks sanctions including the striking of defendant's pleadings, or in the alternative the striking of defendant's pretrial compliance, based on six grounds. Upon careful consideration, the Court is not persuaded that five of the six grounds support such sanctions. The sixth issue addressed in the motion, however, warrants further discussion with counsel. **At the pretrial conference, counsel shall be prepared to address the facts and circumstances relating to the taking of witness statements on defendant's behalf by private investigator John Clifton. Specifically, counsel shall be prepared to address whether and when such statements were taken, in what form such statements were recorded, and to whom such statements (or Clifton's report concerning them) were communicated. For these purposes, defense counsel shall be responsible for arranging and securing the presence of John Clifton at the March 6 pretrial conference in order that his testimony may be elicited.**

Accordingly,

**IT IS HEREBY ORDERED** that a pretrial conference in this matter is set for **Monday, March 6, 2006 at 10:00 a.m. in Courtroom 16-South**. **As provided in the Court's memorandum, counsel shall be prepared at the conference to offer all evidence and argument on the particular subjects identified by the Court.** Counsel who will

11

try the case must attend the pretrial conference, unless prior to the conference the Court grants permission for other counsel to attend. The Court expects that the case will be fully ready for trial at the time of the pretrial conference. Counsel present at the conference must be authorized to accomplish the purposes of Fed.R.Civ.P. 16, and in particular shall be authorized to discuss their client's views as to the potential for settlement of the case.

**IT IS FURTHER ORDERED** that plaintiff's motion to bifurcate the trial into three segments [Doc. #257] is granted as provided in the Court's memorandum.

**IT IS FURTHER ORDERED** that plaintiff's motion in limine regarding exclusion of witnesses and spoliation of evidence [Doc. #307] is granted as to exclusion of witnesses in accordance with Fed.R.Evid. 615, and is denied as to remedies sought for spoliation of evidence.

**IT IS FURTHER ORDERED** that the following motions are granted as follows:

- plaintiff's motion in limine to exclude rumor, gossip and innuendo [Doc. #305] is granted in part and otherwise denied, and any evidence of or reference to the Burgans' house fire in May 2002 is excluded;

- plaintiff's motion in limine to exclude prior insurance claims [Doc. #292] is granted, and any such evidence or reference thereto is excluded; and

- defendant's motion in limine [Doc. #294] is granted in part and otherwise denied, and any evidence of or reference to criminal charges or grand jury investigation of the Burgans relating to the Cedar Hill fire is excluded.

**IT IS FURTHER ORDERED** that the following motions are denied:

- plaintiff's motion in limine to exclude any evidence that the proof of claim was allegedly defective [Doc. #288];

- plaintiff's motion in limine to exclude any evidence that Cedar Hill Hardware violated the cooperative clause [Doc. #290];

- plaintiff's motion in limine to exclude any evidence of fraud in the procurement [Doc. #301];

- plaintiff's motion to exclude defendant's expert witnesses on the issue of origin and cause [Doc. #312];

- plaintiff's motion to exclude defendant's expert witness Jeffrey Zwirn [Doc. #320];
- plaintiff's motion to exclude defendant's expert witness Lewis Crist [Doc. #316];
- plaintiff's motion in limine to exclude the testimony of witnesses on the issue of underwriting [Doc. #313];
- defendant's motion to exclude the expert rebuttal testimony of John Reagan [Doc. #278];
- defendant's motion to strike plaintiff's expert Thomas Hoops [Doc. #280];
- defendant's motion to strike plaintiff's expert Walter Zimmer [Doc. #282];
- defendant's motion to strike plaintiff's expert William Carr [Doc. #284];
- defendant's motion to strike plaintiff's expert Mark Ruddy [Doc. #286];
- defendant's motion to strike plaintiff's cause and origin experts [Doc. #296];
- defendant's motion to strike plaintiff's expert John Reagan [Doc. #299]; and
- defendant's motion to strike plaintiff's expert Craig Lindquist [Doc. #302].

**IT IS FURTHER ORDERED** that plaintiff's motion for attorney's fees ("First Application of Gallop, Johnson & Neuman, L.C. for Compensation as Counsel, etc.") [Doc. #267] is denied without prejudice.

Dated this ____1st____ day of March, 2006.

                                              /s/Donald J. Stohr
                                              UNITED STATES DISTRICT JUDGE