UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CEDAR HILL HARDWARE AND CONSTRUCTION SUPPLY, INC., ) ) ) Plaintiff, ) ) vs. ) ) INSURANCE CORPORATION OF HANNOVER, ) ) Defendant. ) | No. 4:04CV743-DJS |

**MEMORANDUM AND ORDER**

The Court has thus far reserved its ruling on plaintiff's motion in limine to exclude from evidence at trial the Missouri State Fire Marshal's report, the federal Bureau of Alcohol, Tobacco and Firearms report, and the Jefferson County Sheriff's Department report [Doc. #324]. Plaintiff's first contention in support of the motion, concerning defendant's failure to list Robert Jacobsen, Tony Piwowarczyk and William Dunn in its Rule 26(a)(2) disclosures, is unavailing, as those individuals are not retained experts subject to the requirements of that rule.

Next the parties engage in a dispute concerning the impact of Fed.R.Evid. 803(8)(C) on the admissibility of these reports. The public records and reports hearsay exception in Fed.R.Evid. 803(8) applies to:

> Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (A) the activities of the office or agency, or (B)

> matters observed pursuant to duty imposed by law as to which matters there was a duty to report...or (C) in civil actions...factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness.

Seizing upon the last phrase within the rule, plaintiff argues that the reports are unreliable and riddled with errors and so should be excluded. This <u>Daubert</u>-esque attack on these official reports is unpersuasive. Plaintiff's arguments do not demonstrate a "lack of trustworthiness" in the reports. Plaintiff is free to attempt to rebut portions of the reports' contents with contrary evidence.

The Rule 803(8) exception applies generally to the investigative reports to the extent that they set forth the investigation of the fire scene. [As discussed further below, since the Jefferson County Sheriff's Department report does not contain fire scene investigation, the exception does not apply to it.] However, the Eighth Circuit has found that this exception does <u>not</u> apply to the recitation of witness statements within investigative reports, because such recitations do not constitute "factual findings" within the meaning of Rule 803(8)(C). <u>See</u>, <u>e.g.</u>, <u>United States v. Ortiz</u>, 125 F.3d 630, 632 (8th Cir. 1997). An investigative report's recitation of witness statements constitutes double hearsay, and such a report is inadmissible unless a hearsay exception applies to each level of hearsay. <u>Id</u>.

Where the inadmissible hearsay portions of such a report are the subject of other testimony at trial, however, the admission

2

of the report may be cumulative and thus merely harmless error. Furthermore, if proffered on the issue of vexatious refusal to pay, the hearsay within the reports is not offered for the truth of the matters asserted, but to show what information the insurer had and relied upon in making its decision not to pay plaintiff's claim. Applying these governing principles to each report, and to consideration of the different issues to be tried in each phase of the bifurcated trial, the Court concludes as follows.

**The Missouri State Fire Marshal's Report.** The state fire marshal's report does not contain any inadmissible hearsay witness statements. Statements reported therein by the Cedar Hill Fire Marshal (p.3) and firefighter Schuster (p.7) are admissible under Rule 803(8)(A) as official reports of the activities of their agencies in connection with events at the fire scene. This report is admissible in both phases of trial.

**The ATF Report.** The ATF report has little in the way of hearsay witness statements, other than in ¶6 as to plaintiff's employee Joan Hayes. It therefore would appear to be admissible in the first phase of the trial on the issue of arson with ¶6 redacted. As to the second phase of the trial, in the event that the vexatious refusal issue is reached, defendant Hannover claims to have known well before actually receiving the report that ATF concluded the fire was incendiary. On the vexatious refusal issue in the second phase, Hannover can adduce evidence through witnesses

3

or other appropriate means as to what it learned and relied upon from ATF, but if Hannover did not receive the report until after it had made its determination to deny the claim, it would seem that the report itself should not be considered on the vexatious refusal issue. If the ATF report has been admitted into evidence in the first phase of the trial, but a second phase is reached in which plaintiff contends the ATF report is inadmissible on the vexatious refusal issue, plaintiff may at the appropriate time propose and seek the use of an appropriate limiting instruction.

**The Jefferson County Sheriff's Department Report.** The Jefferson County Sheriff's Department report is composed virtually entirely of Detective Dunn's reporting of various statements made to him by third parties. The report also contains no conclusion as between arson and accidental fire. The hearsay content of the report appears to require its exclusion from the initial arson phase of the trial. As for the second phase of the trial, the hearsay objection is avoided for the vexatious refusal issue (because the statements are not then offered for the truth of the matters asserted, but to show what the insurance company considered in denying plaintiff's claim), and the Sheriff's Department report appears to be admissible on the vexatious refusal issue.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion in limine to exclude the Missouri State Fire Marshal's report, the ATF report,

and the Jefferson County Sheriff's Department report and expert testimony [Doc. #324] is granted in part and denied in part, as stated in the Court's memorandum herein.

Dated this ___5th___ day of April, 2006.

                                          /s/Donald J. Stohr
                                          UNITED STATES DISTRICT JUDGE