UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CEDAR HILL HARDWARE AND CONSTRUCTION SUPPLY, INC., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>INSURANCE CORPORATION OF HANNOVER, )<br>)<br>Defendant. ) | No. 4:04CV743-DJS |

## MEMORANDUM ON TRIAL MATTERS

This case is set for trial on Monday, May 1, 2006. Following the pretrial conference of April 25, 2006, the Court here clarifies several matters raised at the conference.

First, the ordinary course of witness examination will consist of direct examination, cross-examination, and re-direct examination. Additional rounds of examination are unlikely to be permitted.

Second, at the pretrial conference, plaintiff voiced concerns about references to matters the Court has previously ruled excluded from the trial. Plaintiff's remarks and defendant's response at the conference did not describe and present any sufficiently specific issue concerning the scope of the exclusions to allow a particularized ruling to be made in advance, outside the context of the actual presentation of evidence and argument at trial. Both parties are, of course, warned to comply with the

Court's exclusionary rulings and in particular to redact documents as those rulings clearly require. At trial, objection can be made to any references believed to run afoul of the exclusionary rulings the Court has previously made. At present, the Court is not presented with an argument allowing the supplementation or clarification of its prior rulings.

Third, upon further consideration of the issue of exclusion of witnesses, the Court has determined that plaintiff will be permitted to have only one corporate representative present in the courtroom during the trial. From counsel's remarks, the Court presumes that plaintiff will designate Brad Burgan as that corporate representative. If not, plaintiff shall promptly advise the Court.

Fourth, defendant's request in its April 27 memorandum [Doc. #456] to use the counsel table closest to the jury during the arson stage of the trial is here denied. Plaintiff's request for jurors to visit Cedar Hill Hardware [Doc. #461] is also denied.

Finally, defendant indicated its desire to use three videotaped depositions in phase one of the trial, to which plaintiff objected under Fed.R.Civ.P. 32(a)(3). Having considered the parties' arguments on the issue, the Court is not persuaded to permit defendant to use the videotaped depositions. Defendant has failed to show that the witnesses, employees of Cedar Hill Hardware, are at a greater distance than 100 miles from the place of trial pursuant to Rule 32(a)(3)(B), that the witnesses are

unable to attend pursuant to Rule 32(a)(3)(C), or that defendant is unable to procure the witnesses' attendance by subpoena pursuant to Rule 32(a)(3)(D). Finally, the Court does not find that the videotape recording satisfies the "exceptional circumstances" test of Rule 32(a)(3)(E).

Dated this ___27th___ day of April, 2006.

/s/Donald J. Stohr  
UNITED STATES DISTRICT JUDGE