UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

CEDAR HILL HARDWARE AND )
CONSTRUCTION SUPPLY, INC., )
                           )
        Plaintiff,         )
                           )
    vs.                    )    Case No. 4:04CV743-DJS
                           )
INSURANCE CORPORATION OF   )
HANNOVER,                  )
                           )
        Defendant.         )

## MEMORANDUM AND ORDER

Plaintiff brought the instant action asserting claims for breach of contract and vexatious refusal to pay against defendant insurance company concerning a policy on plaintiff's hardware store which had been damaged in a fire. In phase one of the instant bifurcated action, the jury found that defendant had not proved "by a preponderance of the evidence, that plaintiff, by its owners, employees, agents or representatives, set the fire, or had the fire set, to the Cedar Hill Hardware building or its contents with the intention of burning the building or contents." In phase two of the trial, the jury found in favor of defendant on plaintiff's claims and defendant's declaratory judgment counterclaim, and did not award either party damages. In response to a special interrogatory, the jury answered in the affirmative when asked whether it found that "plaintiff intentionally concealed from or misrepresented to defendant any material fact or circumstance

concerning the claim or insurance, the existence of a mortgage, the condition, value, existence, purchase price or age of any of the subject contents, or the value of the subject building."

Now before the Court are multiple post-judgment motions filed by both parties. Upon careful review of the instant motions, the Court will deny plaintiff's renewed motion for judgment as a matter of law or, in the alternative, motion for new trial or to amend the judgment, grant defendant's motion for judgment as a matter of law and petition for further relief, overrule in part and sustain in part plaintiff's objections to defendant's bill of costs, and deny defendant's motion for attorneys' fees.

**A. Defendant Is Entitled to Recoupment of the Amounts Paid to Plaintiff and Its Mortgagees**

Defendant has filed a motion for judgment as a matter of law and a petition for further relief pursuant to 28 U.S.C. § 2202 in the form of an order for recoupment and restitution [Doc. #547]. Pursuant to 28 U.S.C. § 2202, this Court may grant "necessary or proper relief based on a declaratory judgment . . . against any adverse party whose rights have been determined by such judgment." Judgment as a matter of law is appropriate if "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." Fed. R. Civ. P. 50(a)(1).

Plaintiff's intentional material misrepresentation voided the insurance policy. See Allstate Ins. Co. v. Estes, 16 Fed.

2

Appx. 534, 535 (8th Cir. 2001). Under Missouri law, when an insurance policy is void due to an intentional concealment or a misrepresentation of a material fact or circumstance, the property insurer is entitled to recoupment and restitution of the amount it paid to the insured or to the insured's mortgagees. See Employers Mut. Cas. Co. v. Tavernaro, 4 F. Supp. 2d 868, 871 (E.D. Mo. 1998). As the parties do not dispute that defendant paid $423,035.19 to Elaine and Russell Rose--two of plaintiff's mortgagees--and $50,000 to plaintiff, the Court finds as a matter of law that no reasonable jury could find that defendant was not entitled the recoupment of the $473,035.19 defendant paid plaintiff and plaintiff's mortgagees.

Plaintiff argues that defendant is not entitled to the return of its money because it mistakenly paid plaintiff and the Roses with full knowledge of the facts, particularly that plaintiff had failed to include another mortgagee, Rockwood Bank, on the insurance application. Not only did the jury not indicate which intentional material misrepresentation they found, but plaintiff's characterization of the law is incorrect. An insurance company is entitled to recoup from the insured monies paid out to an insured's mortgagee where the insured's intentional misrepresentation voided the policy. See Tavernaro, 4 F. Supp. 2d at 871. Defendant's payments to plaintiff and to the Roses inure to plaintiff's benefit. Id. As defendant is entitled to the recoupment of the

3

monies paid to plaintiff and the Roses, this Court will grant defendant's motion and amend the Court's July 12, 2006 Judgment.

**B.   Plaintiff's Objections to Defendant's Bill of Costs Will Be Sustained in Part and Overruled in Part**

Plaintiff has made several objections to defendant's bill of costs [Doc. #549], which seeks $37,601.92 in taxable costs. Plaintiff objects generally to taxing any costs related to defendant's "arson" defense and its defenses based on the cooperation clause, including the costs for depositions related to the aforementioned defenses and the fees for witnesses in the first phase of the trial--where evidence was presented on defendant's arson defense.  Rule 54 of the Federal Rules of Civil Procedure provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs."  Defendant's failure to meet its burden of proof with respect to its arson and cooperation defenses does not preclude it from being the prevailing party, given the jury's finding in favor of defendant on plaintiff's claims and defendant's counterclaim.

"[A] determination of who is the prevailing party for purposes of awarding costs should not depend on the position of the parties at each stage of the litigation but should be made when the controversy is finally decided."  10 Charles Alan Wright et al., <u>Federal Practice and Procedure</u> § 2667 (3d ed. 1998). "[A] claimant who has obtained some relief usually will be regarded as the prevailing party even though he has not sustained all his claims."

Id. Consequently, the aforementioned objections will be overruled. Similarly, plaintiff's objection to taxing the costs associated with the filing fee in defendant's declaratory judgment action, Case No. 4:04cv697-DJS, will be overruled as it involved the same parties and issues, and was dismissed after plaintiff filed the instant action.

Plaintiff's objection to the costs for the trial transcript of Denise Burgan will also be overruled as it was used to attempt to impeach Ms. Burgan. The transcript was not ordered merely for the convenience of counsel, but was necessary for use in the case. See McDowell v. Safeway Stores, Inc., 758 F.2d 1293, 1294 (8th Cir. 1985). Conversely, plaintiff's objection to defendant's costs associated with its oversized courtroom exhibits will be sustained as defendant's preparation of the thirty-two exhibits--which cost $5,800.19--was not reasonably necessary given defendant's use of only one exhibit and the parties' access to the Court's Electronic Monitor ("ELMO") system.[1]

Plaintiff's objections to the following costs will also be sustained as defendant has not opposed them: (1) the copying costs of $738.27 associated with defendant's unsuccessful appeal of the Court's order to produce documents on defendant's privilege log; (2) the $281.00 in costs for a deposition of Ron Gronemeyer

---

[1] Defendant's only response to plaintiff's objection is to assert that it is entitled to reimbursement for the requested amount despite not having used each exhibit.

5

taken on March 27, 2005;[2] (3) the $416.40 for the April 4, 2005 Examination Under Oath of Gary Smith of Rockwood Bank, which plaintiff asserts was not taken in connection with the instant action; and (4) the delivery and postage expenses for deposition transcripts totaling $306.80, which are not taxable pursuant to Smith v. Tenet Healthsystem SL, Inc., 436 F.3d 879, 889 (8th Cir. 2006). Finally, the Court will overrule plaintiff's objection to the copying costs of $198.48 as reported on an invoice dated April 4, 2006 from a copying vendor in Des Moines, Iowa and charged to a law firm in Des Moines. Defendant asserts and plaintiff does not refute that the costs were associated with preparing a witness for deposition, trial, and litigation of the instant action.

The Court sustains in part and overrules in part defendant's objections as discussed supra. Furthermore, the Court will grant in part and deny in part defendant's motion for bill of costs and enter a judgment in favor of defendant for taxable costs in the amount of $30,059.26.

## C.  Defendant Is Not Entitled to Attorneys' Fees

Defendant seeks to recover attorneys' fees of $1,041,661.00 and expenses of $255,669.43, pursuant to Fed. R. Civ. P. 54 & 58, and 28 U.S.C. § 2202. Although the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, "makes no express provision for an

---

[2] Plaintiff notes that defendant did not include an invoice related to this deposition and that Gronemeyer's only deposition was taken on September 6, 2005.

award of attorney's fees," Am. Family Ins. Co. v. Dewald, 597 F.2d 1148, 1151 (8th Cir. 1979), the Eighth Circuit has not come to a consensus concerning whether attorneys' fees are available for actions brought under the act. Compare Nat'l Union Fire Ins. v. Structural Sys. Tech., Inc., 964 F.2d 759, 763 (8th Cir. 1992) (affirming a district court finding that the phrase "further necessary and proper relief" in Section 2202 of the Federal Declaratory Judgment Act does not constitute statutory authority for attorney's fees as an exception to the general policy against the award of fees), with Dewald, 597 F.2d at 1151 (finding that "attorney's fees may be awarded under 28 U.S.C. § 2202 where such an award is authorized by applicable state law for comparable actions").

Courts in the Eastern and Western Districts of Missouri have followed the approach adopted in Dewald, and looked to Missouri law to determine whether attorney's fees should be allowed. See Am. Home Assur. Co. v. Pope, 410 F. Supp. 2d 849, 853 (W.D. Mo. 2006); Allstate Ins. Co. v. Estes, 118 F. Supp. 2d 968, 974 (E.D. Mo. 2000); Tavernaro, 21 F. Supp. 2d at 1040. "The rule in Missouri is that absent statutory authorization or contractual agreement, each litigant, with few exceptions, must bear the expense of his own attorneys' fees (American Rule)." Mayor, Councilmen, and Citizens of City of Liberty v. Beard, 636 S.W.2d 330, 331 (Mo. 1982).

Defendant argues that fees are available under Mo. Rev. Stat. § 527.100, which provides that in declaratory judgment actions "the court may make such award of costs as may seem equitable and just." See Estes, 118 F. Supp. 2d at 974; Tavernaro, 21 F. Supp. 2d at 1040. Missouri courts have interpreted the term "costs" to include attorneys' fees when "special circumstances" exist--the Bernheimer exception to the American Rule. Beard, 636 S.W.2d at 331 (citing Bernheimer v. First Nat'l Bank of Kansas City, 225 S.W.2d 745 (Mo. 1949)).

"Correctly interpreted, the Bernheimer 'special circumstances' exception . . . is narrow and must be strictly applied." Washington Univ. v. Royal Crown Bottling Co. of St. Louis, 801 S.W.2d 458, 469 (Mo. App. 1990).

> In the absence of contract or statute, our courts have rarely found the very unusual circumstances that permit the award of attorneys' fees. Such fees have been denied in cases of an improper tax assessment, when a defendant tendered a check on insufficient funds with an intent to defraud, when defendants tortiously conspired and threatened to wrongfully foreclose on notes and deeds of trust, and when defendants fraudulently concealed the existence of an outstanding deed of trust on a house. Such fees have more often been approved where paid out of a *res* and the litigation was designed to benefit the *res* or give direction to the management or distribution thereof.

David Ranken, Jr. Technical Inst. v. Boykins, 816 S.W.2d 189, 193 (Mo. 1991) (citations omitted) (overruled on other grounds, see Alumax Foils, Inc. v. City of St. Louis, 939 S.W.2d 907, 911 (Mo. 1997)).

The Missouri Supreme Court has found such special circumstances to exist in the instance of fraud. See Miller v. Higgins, 452 S.W.2d 121, 125 (Mo. 1970) ("A defrauded party may recover special damages necessarily incurred solely by reason of the fraud. Such expenditures may properly include the professional aid of an attorney to mitigate damages and avoid future losses."). "However, the equitable balancing of benefits by awarding attorney's fees occurs only if 'very unusual circumstances' can be shown, and [plaintiff has] not demonstrated that the present action was so different than other actions setting aside legal instruments that the present action should be considered an unusual circumstance." Osterberger v. Hites Const. Co., 599 S.W.2d 221, 230 (Mo. App. 1980) (citations omitted) (finding that attorneys' fees were not warranted when the defendant house sellers had made a material misrepresentation and failed to inform the plaintiff house purchasers of the existence of an outstanding deed of trust on the house).

The Court has broad discretion in deciding whether to award attorneys' fees. Pope, 410 F. Supp. 2d at 854 (citing Am. Economy Ins. Co. v. Ledbetter, 903 S.W.2d 272, 277 (Mo. App. 1995)). Upon consideration of both the "equitable and just" standard from Mo. Rev. Stat. § 527.100 and the Bernheimer "special circumstances" exception, the Court is not persuaded to grant defendant attorneys' fees.

The record is replete with examples of how the parties' and counsels' actions unnecessarily multiplied the nature of the proceedings. These actions include but are not limited to refusing to comply with Court orders to produce documents, failing to meet Court deadlines, soliciting repetitive answers during both direct and cross examinations after the Court directed the examining attorney to move on to another topic, and repeatedly violating the Court's orders excluding certain evidence. Much of the prosecution of this case by both parties was unnecessarily disputatious and a discredit to the legal profession. Counsels' "arguments" were plagued with *ad hominem* attacks and petulant language expressing attitudes of disdain, suspicion and mistrust toward opposing counsel.[3] The jury's plague-on-both-their-houses verdict awarding defendant zero damages provides an accurate illustration of the jury's and the Court's frustration with both parties' behavior and the prolonged proceedings. Upon careful consideration of the individual and cumulative effect of all the circumstances of both the conduct and the outcome of the case, the Court concludes that equity and justice are best served by each party bearing its own attorneys' fees.

---

[3] As an illustrative but by no means exhaustive example, defendant included the following "argument" in its briefing on the instant motion to recover fees and expenses: "[plaintiff] ignores that [defense counsel] is nationally known for its arson and fraud litigation acumen, unlike [plaintiff's] counsel." (Df.'s Reply in Support of Mot. to Recover Fees and Expenses [Doc. #564] at 5.)

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's renewed motion for judgment as a matter of law or, in the alternative, motion for new trial or to amend the judgment [Doc. #553] is denied.

**IT IS FURTHER ORDERED** that defendant's motion for judgment as a matter of law and petition for further relief [Doc. #547] is granted, and the judgment of the Court entered on July 12, 2006 is vacated to the extent that it is inconsistent with the amended judgment entered herein this day.

**IT IS FURTHER ORDERED** that defendant's motion for bill of costs [Doc. #549] is granted in part and denied in part, as discussed in the above memorandum.

**IT IS FURTHER ORDERED** that defendant's motion for attorneys' fees [Doc. #550] is denied.

Dated this \_\_\_\_4th\_\_\_\_ day of October, 2006.

/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE